```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

THOMAS E. PEREZ,

    Plaintiff,

v.                              Case No. 8:14-cv-66-T-33TGW

GEOPHARMA, INC., et al.,

    Defendants.
_____/

### **ORDER**

This matter comes before the Court pursuant to Defendant Mihir Taneja's Motion to Dismiss (Doc. # 12), filed on April 29, 2014. Plaintiff, Secretary of Labor Thomas E. Perez, filed a response in opposition to the Motion on May 16, 2014. (Doc. # 13). For the reasons that follow, the Court denies Taneja's Motion to Dismiss.

**I.  Background**

On January 13, 2014, Secretary Perez initiated this action under 29 U.S.C. §§ 1132(a)(2) and (5) of the Employment Retirement Income Security Act of 1974 (ERISA). (Doc. # 1). Secretary Perez alleges that Defendants Geopharma, Inc., Mihir Taneja, Carol Dore-Falcone, and Susan Bongiovanni violated 29 U.S.C. § 1109 by breaching their duties as ERISA fiduciaries under 29 U.S.C. § 1002(21)(A) to the Geopharma,

Inc. Group Welfare Plan (Plan). (Id. at 6-7).

According to the Complaint, Geopharma established the Plan in 1985 to provide medical, dental, prescription drug, life insurance and short-term disability benefits to its employees subject to coverage under ERISA. (Id. at 3). The Plan was funded by employer contributions, employee premium contributions deducted from payroll, and former employees' premium payments for continuation of coverage under the Consolidated Omnibus Budget Reconciliation Act (COBRA). (Id.). Since at least 2009, Geopharma contracted with various entities to administer the Plan on behalf of Geopharma. (Id.). Two of these entities, Aetna U.S. Healthcare and Self-Insured Plans, LLC, terminated their contracts with Geopharma for non-payment of premiums and approved claims, respectively. (Id. at 3-4).

Secretary Perez contends that, for payroll periods between October 3, 2009, and December 26, 2009, and between January 2, 2010, and October 9, 2010, Geopharma withheld employee premium contributions from payroll in the amounts of $115,707.19 and $101,751.29, respectively, failed to segregate the contributions from company assets as soon as it reasonably could do so, and failed to use the funds to pay claims. (Id. at 4-5). Similarly, Secretary Perez claims that

Geopharma received COBRA premium payments totaling $16,507.24, failed to segregate the premiums from the company assets as soon as it reasonably could do so, and failed to use the funds to pay claims. (Id. at 5). Secretary Perez alleges that Defendants had signature authority on Geopharma's bank accounts and that each check issued by Geopharma required two signatures. (Id. at 3).

Secretary Perez also asserts that Defendants, as fiduciaries and parties in interest to the Plan, violated their respective duties under ERISA. (Id. at 6-7). Accordingly, Secretary Perez seeks to hold Defendants jointly liable for: (1) participating knowingly in an act of another fiduciary, knowing such act was a breach, in violation of 29 U.S.C. § 1105(a)(1), (2) failing to monitor or supervise another fiduciary and thereby enabling a breach in violation of 29 U.S.C. § 1105(a)(2), or (3) having knowledge of a breach by another fiduciary and failing to make reasonable efforts under the circumstances to remedy the breach in violation of 29 U.S.C. § 1105(a)(3). (Id. at 7).

On April 29, 2014, Defendant Mihir Taneja filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 12). On May 16, 2014, Secretary Perez filed a response in opposition to the Motion. (Doc. # 13). This Court has reviewed

the Motion and the response thereto and is otherwise fully advised in the premises.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil

4

Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Analysis

#### A. Fiduciary Duty

"To establish liability for a breach of fiduciary duty under any of the provisions of ERISA § 502(a), a plaintiff must first show that the defendant is in fact a fiduciary with respect to the plan." Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277 (11th Cir. 2005). In determining fiduciary status under ERISA, "a court must ask whether a person is a fiduciary with respect to the particular activity at issue." Id. ERISA provides that a person can become a fiduciary by: (1) being a "named fiduciary" in the plan instrument, (2) exercising discretionary authority or control over the management of the plan, (3) exercising *any* authority or control over the management or disposition of plan assets, (4) rendering investment advice for a fee or having authority or responsibility to do so, or (5) having any discretionary

5

authority or responsibility over plan administration. 29 U.S.C. § 1102(a)(2); 29 U.S.C. § 1002(21)(A)(emphasis added); see ITPE Pension Fund v. Hall, 334 F.3d 1011, 1012 (11th Cir. 2003)("Certain persons, including those who 'exercise[] any authority or control respecting management or disposition of [fund] assets,' bear fiduciary responsibility to an ERISA fund.").

According to the Eleventh Circuit, "when unpaid contributions to a plan are identified as immediate assets of a plan, officers of the nonpaying corporation with control and authority over the unpaid contributions may be held liable for the amount of nonpayment." Hall, 334 F.3d at 1012. However, "[w]ithout any control over plan assets, there is no predicate upon which to declare the officer a fiduciary of the Plan, and, without fiduciary status, no basis on which to hold him liable under ERISA." Id. at 1015, n.4.

Taneja argues that the Complaint does not sufficiently or plausibly allege facts necessary to establish that he is a fiduciary of the Plan. (See Doc. # 12). Specifically, Taneja claims that the Complaint fails to establish that he performed any function or exercised any authority with respect to the "particular activity" of remittance of employee premium contributions to the Plan. (Id. at 6-7). Taneja further

6

emphasizes that the mere fact that he allegedly possessed signature authority on Geopharma's corporate bank accounts is insufficient to make him a fiduciary. (Id. at 7-8). Taneja notes that the Complaint does not assert that he had signature authority over any account associated with the Plan. (Id.). Rather, the Complaint only alleges that Taneja had general signature authority on Geopharma's bank accounts. (Id. at 8). According to Taneja, "[i]f this alone were sufficient to trigger ERISA fiduciary responsibilities on the part of corporate officers, it would transform nearly every member of senior management of any corporation into an ERISA fiduciary." (Id.).

Taneja also asserts that a person can only become a fiduciary by being a "named fiduciary" in the plan instrument or by exercising discretionary control or authority over the Plan or the management of its assets under ERISA. (Id. at 5-11). Taneja argues that the Complaint falls short of stating a plausible claim under ERISA because Secretary Perez does not allege that Taneja was a named fiduciary or that he exercised discretionary control. (Id.). Accordingly, Taneja reasons that the Secretary's allegation is a conclusion of law that the Court need not accept as true. (Id. at 3, 11).

7

Secretary Perez counters that the Complaint sufficiently establishes that Taneja is a fiduciary of the Plan. (Doc. # 13). Specifically, Secretary Perez alleges that Taneja is a fiduciary because he exercised authority or control over Plan assets. (Id. at 8-10). As the Chief Executive Officer, Secretary, and Director of Geopharma, Taneja had signature authority on Geopharma's bank accounts. (Id.). Therefore, when Geopharma employee premiums were commingled with Geopharma's general assets and never remitted or used to pay claims, Taneja allegedly exercised fiduciary authority or control over both Geopharma's assets and Plan assets simultaneously. (Id.). Secretary Perez emphasizes that the plain language of ERISA permits a person to become a fiduciary by exercising authority or control over the management or disposition of plan assets without requiring "discretionary" authority or control. (Id. at 8).

Additionally, Secretary Perez argues that, because Geopharma was named the Plan Administrator and fiduciary within the Plan itself, Geopharma had a duty to monitor the actions of those administering the Plan on its behalf. (Id. at 12-13). Likewise, as Geopharma's CEO, Secretary, Director, and signatory on Geopharma's bank accounts, Taneja allegedly had a fiduciary duty to monitor other fiduciaries and

Geopharma's management and administration of the Plan. (Id.). Secretary Perez asserts that Taneja knew or should have known that Geopharma was having cash flow issues and was using employee compensation and COBRA payments to fund operations rather than using the funds to pay medical claims. (Id. at 10). Allegedly, such knowledge should have triggered an investigation to determine whether Geopharma and its fiduciaries were administrating the Plan in accordance with ERISA and the terms of the Plan. (Id.).

Upon review, the Court finds that denial of Taneja's Motion is warranted as Secretary Perez has sufficiently alleged facts within the Complaint to establish that Taneja is a fiduciary under ERISA. Specifically, the Complaint alleges that Taneja had signature authority on Geopharma's bank accounts. (Doc. # 1 at 3). The Complaint further asserts that Geopharma employee premiums were commingled with Geopharma's general assets and never remitted or used to pay claims. (Id. at 4-5). Accordingly, in light of these factual allegations, the Court can reasonably infer that Taneja exercised authority or control over Geopharma's Plan assets as a ERISA fiduciary when employee premiums were commingled with Geopharma's general assets.

Furthermore, the plain language of ERISA reasonably supports Secretary Perez's position that a person can become a fiduciary, even without discretion, if he or she exercises *any* authority or control respecting management or disposition of its assets. 29 U.S.C. § 1002(21)(A)(i); see Chao v. Day, 436 F.3d 234, 237 (D.C. Cir. 2006)(explaining that a person can become a fiduciary under the express language of 29 U.S.C. § 1002(21)(A)(i), even without discretion over plan assets, if he or she exercises *any* authority or control over those assets).

However, at this stage of the proceedings, the Court declines to decide whether a person with authority or control over plan assets must also exercise "discretion" over those assets in order to become an ERISA fiduciary. See ITPE, 334 F.3d at 1012 (stating that "[c]ertain persons, including those who 'exercise[] any authority or control respecting management or disposition of [fund] assets,' bear fiduciary responsibility to an ERISA fund."); Herman v. NationsBank Trust Co., 126 F.3d 1354, 1365 (11th Cir. 1997)(stating that, "[t]he plain language of [29 U.S.C. § 1002(21)(A)] clearly states that a person is not a fiduciary unless he either has discretion or exercises authority or control with respect to plan assets."); Leimkuehler v. Am. United Life Ins. Co., 713

10

F.3d 905, 913 (7th Cir. 2013) (recognizing that discretion is *not* a prerequisite for ERISA fiduciaries in the Eleventh Circuit); but see Herman v. NationsBank Trust Co., 126 F.3d 1354, 1366 (11th Cir. 1997)(stating that "[i]f ERISA did not limit the definition of fiduciaries to those with knowledge of their authority and discretion, then persons or entities could become subject to fiduciary liability without notice."); Chao, 436 F.3d at 237 n.1 (noting that the Eleventh Circuit has suggested that discretion is a prerequisite for *all* ERISA fiduciaries). This determination is more appropriately decided at the summary judgment stage of the proceedings.

Additionally, Secretary Perez claims that Geopharma was a fiduciary of the Plan and that Geopharma had a duty to monitor the actions of those that administered the Plan on its behalf. (Id. at 2, 5-7). Taneja, as Geopharma's CEO, Secretary, Director, and signatory on Geopharma's bank accounts, plausibly had a fiduciary duty to monitor the actions of Geopharma and those appointed to act as fiduciaries on behalf of Geopharma. (Id. at ¶¶ 7, 10, 11, 34).

### B. Attorney's Fees

"In any action . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable

attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). Within his Motion, Taneja requests this Court grant an award of reasonable attorney's fees on this statutory basis due to the purported insufficiency of the Complaint. (Doc. # 2 at 11-12). However, the Court denies Taneja's request for attorney's fees. Specifically, the plain language of 29 U.S.C. § 1132(g) indicates that attorney's fees are unavailable to Taneja under the statute because the Secretary is not a participant, beneficiary, or fiduciary. Furthermore, even if attorney's fees are available, the Court denies Taneja's request under 29 U.S.C. § 1132(g) because Secretary Perez has sufficiently alleged facts to survive Taneja's Motion to Dismiss.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Mihir Taneja's Motion to Dismiss (Doc. # 12) is **DENIED**. Defendant Mihir Taneja has until August 12, 2014, to file his answer to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record